**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF | 6500 Cherrywood Lane |
| TIMOTHY J. SULLIVAN | Greenbelt, Maryland 20770 |
| UNITED STATES MAGISTRATE JUDGE | Telephone: (301) 344-3593 |

December 29, 2021

LETTER TO COUNSEL:

      RE:   *Robert H. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
             Civil No. TJS-20-2670

Dear Counsel:

     On September 15, 2020, Plaintiff Robert H. petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits ("DIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 14 & 17. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

     Robert H. filed his application for DIB on August 24, 2017. Tr. 21. He alleged a disability onset date of June 12, 2016. *Id.* His application was denied initially and upon reconsideration. *Id.* Robert H. requested an administrative hearing and a hearing was held on July 22, 2019, before an Administrative Law Judge ("ALJ"). Tr. 46-75. In a written decision dated August 13, 2019, the ALJ found that Robert H. was not disabled under the Social Security Act. Tr. 21-35. The Appeals Council denied Robert H.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

     The ALJ evaluated Robert H.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Robert H. had not engaged in substantial gainful activity since June 12, 2016, the alleged onset date. Tr. 23. At step two, the ALJ found that Robert H. suffered from the following severe impairments: chronic kidney disease status-post kidney transplant in December 2009 and June 2013; multiple squamous cell carcinoma of scalp; and a mental impairment variously diagnosed as generalized anxiety disorder, unspecified depressive disorder, and personality change/cognitive disfunction. *Id.* At step three, the ALJ found Robert H.'s impairments, separately and in combination, failed to meet or equal in

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On October 29, 2021, it was reassigned to me.

severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 24-26. The ALJ determined that Robert H. retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except he can frequently climb ramps and stairs, balance, stoop, kneel, crouch and crawl, and never climb ladders, ropes and scaffolds. He must avoid concentrated exposure to hazards (machinery, heights, etc.). He must avoid direct sun exposure and must use sun protection such as sunscreen, long sleeve shirts and hats whenever exposed to direct sun exposure. He is limited to performing simple 1-4 step, routine, repetitive tasks in a lower stress work environment, defined as requiring only occasional decision making and occasional changes in the work setting, where there would only be occasional decision making and occasional changes in the work setting, where there would only be occasional contact with co-workers, supervisors and the general public, and which would not require a fast pace or production quotas such as would customarily be found on an assembly line.

Tr. 26.

At step four, the ALJ determined that Robert H. is unable to perform any past relevant work. Tr. 33. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Robert H. can perform, including router, mail clerk, and laundry worker. Tr. 34. Accordingly, the ALJ found that Robert H. was not disabled under the Social Security Act. Tr. 35.

Robert H. argues that the ALJ made a number of errors that warrant remand, which the Court summarizes as follows: (1) the ALJ failed to include necessary limitations in the claimant's RFC to account for his moderate difficulties with concentration, persistence, and pace; (2) the ALJ failed to explain how the claimant would be capable of maintaining concentration, persistence, and pace for 90 percent of the workday; (3) the ALJ failed to perform a function-by-function assessment of the claimant's work-related abilities; (4) the ALJ failed to provide a narrative discussion stating how the evidence of record supported each conclusion; (5) the ALJ failed to explain how the claimant would be capable of working eight hours per day, five days per week; and (6) the ALJ failed to properly evaluate the claimant's subjective complaints of fatigue. None of the claimant's arguments have merit.

Robert H. presents three arguments regarding the ALJ's consideration of his limitations with maintaining concentration, persistence, and pace. First, he argues that the ALJ did not account for his moderate limitations in concentration, persistence, and pace in the RFC, as required by *Mascio*, 780 F.3d 632. ECF No. 14-1 at 5-6. Second, he argues that the ALJ failed to explain how he determined that Robert H. "would be capable of maintaining concentration, attention, and pace for 90 percent of the workday." *Id.* at 7. Third, he argues that the ALJ failed to explain how the claimant could sustain work-related activities on a full-time basis. *Id.* at 12. None of these arguments have merit. The ALJ found that Robert H. has moderate limitations in concentrating, persisting, and maintaining pace. Tr. 25. In support of this finding, the ALJ cited Robert H.'s

reports of "significant trouble concentrating, multitasking, and paying attention," and being "easily distracted, los[ing] track of things, and need[ing] frequent rest breaks." *Id.* The ALJ also cited a report that Robert H. presented as "fidgety and distracted" with "trouble concisely organizing and presenting information." *Id.* The ALJ also acknowledged medical evidence that indicated Robert H. had "displayed intact intellect" and reports of Robert H.'s activities of daily life, including "driving and shopping independently, golfing regularly with his son, taking care of his grandsons, and watching movies and documentaries." *Id.*

The ALJ's decision makes clear how the ALJ considered Robert H.'s moderate limitations in maintaining concentration, persistence, and pace in formulating the RFC. In the ALJ's step three analysis, the ALJ discussed Robert H.'s statements about his difficulties maintaining concentration and attention, and multitasking, and other evidence indicating that Robert H. had difficulties with maintaining concentration, persistence, and pace. The ALJ then laid out a detailed summary of the medical evidence of record and how that evidence was at times inconsistent with Robert H.'s statements regarding his difficulties with concentration. Ultimately, the ALJ concluded, Robert H.'s moderate difficulties in maintaining concentration, persistence, and pace could be accounted for in the RFC with a limitation to "simple 1-4 step, routine, repetitive tasks in a low stress work environment," which the ALJ defined, with only "occasional contact with co-workers, supervisors and the general public," and which did not require "a fast pace or production quotas such as would customarily be found on an assembly line." Tr. 26, 32-33. The ALJ also explained how the ALJ determined that the claimant could work at jobs fitting this RFC on a full-time basis for a normal workday and workweek. Tr. 33. The Court finds that the ALJ properly accounted for Robert H.'s limitations in concentration, persistence, and pace, and that the ALJ's decision is supported by substantial evidence and the proper application of the governing legal standards, including *Mascio*. Robert H.'s arguments on these points are without merit.

Robert H.'s next arguments are that the ALJ failed to provide a narrative discussion stating how the evidence of record supported each conclusion and that the ALJ failed to perform a function-by-function assessment of the claimant's work-related abilities. ECF No. 14-1 at 9-11. Every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by a narrative discussion describing the evidence that supports it. *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). An ALJ must consider all of a claimant's "physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019), *as amended* (Feb. 22, 2019) (internal quotation marks and citation omitted). In doing so, the ALJ must provide "a narrative discussion describing how the evidence supports each conclusion . . . ." SSR 96-8P, 1996 WL 374184 at *7 (July 2, 1996). Once the ALJ has completed this function-by-function analysis, the ALJ can make a finding as to the claimant's RFC. Id.; *Thomas*, 916 F.3d at 311 ("Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion."). An ALJ need not mention every piece of evidence, so long as he builds a logical bridge from the evidence to his conclusion. *Reid v. Comm'r of Social Sec.*, 769 F.3d 861, 865 (4th Cir. 2014).

The ALJ's decision contains a detailed discussion of the evidence of record, including treatment notes, statements from the claimant about his condition over time, the results of consultative examinations, and medical opinions. The ALJ's explanation is sufficient for this Court

to conduct its review. Because the ALJ explained how the ALJ weighed and considered the evidence, and because the ALJ's findings are supported by substantial evidence, the Court rejects Robert H.'s boilerplate arguments on these points.[2]

Next, Robert H. argues that the ALJ did not properly consider his subjective complaints related to fatigue. In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. *Id.* §§ 404.1529(b). 416.929(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* §§ 404.1529(c), 416.929(c). At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant. *Id.* To evaluate a claimant's statements, the ALJ must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." SSR 16-3p, 2016 WL 1119029 (S.S.A. March 16, 2016). "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." *Arakas v. Comm'r, Social Security Administration*, 983 F.3d 83, 97 (4th Cir. 2020). In other cases, the ALJ may consider that objective evidence, or lack thereof, in conjunction with other evidence. 20 C.F.R. §§ 404.1529(c), 416.929(c). In any case, the ALJ may not rely solely on the lack of objective medical evidence to discredit a claimant's subjective statements. *Id.* A claimant is entitled to rely exclusively on subjective evidence to prove the degree to which their symptoms affect their ability to work at the second step of the analysis. *Arakas*, 983 F.3d at 95-97.

The ALJ's written decision presents a detailed statement of Robert H.'s subjective complaints. The ALJ first found that Robert H.'s severe impairments could reasonably be expected to produce his alleged symptoms. The ALJ then proceeded to consider Robert H.'s allegations in concert with the other evidence in the record, including Robert H.'s own statements to his treating providers over time, as well as objective evidence in the record. In considering the totality of the evidence, the ALJ explained his finding that Robert H.'s statements about the severity of his symptoms could not be completely reconciled with other evidence. For instance, the ALJ noted that while the claimant complained of disabling fatigue, the claimant also stated that he was able to go shopping, attend church, exercise at a gym, golf regularly, and go out to eat on a weekly basis. Tr. 26. These activities, the ALJ found, are "not limited to the extent one would expect, given the complaints of disabling symptoms and limitations," and "reveal a significantly greater physical and mental functional capacity than alleged." Tr. 29.

The ALJ also noted that the claimant made no complaint of disabling fatigue to his medical providers until July 2017, when he contacted a licensed clinical social worker with "questions about disability." Tr. 30. This complaint presaged his August 2017 disability application and

---

[2] Robert H. misstates that the ALJ "did not cite to SSR 96-8p." ECF No. 14-1 at 10. The ALJ cited this provision on the second page of the decision. Tr. 22.

disability report that contained a complaint of severe chronic fatigue. *Id.* The ALJ noted that following the claimant's initial reports of fatigue, his complaints of this condition to his medical providers over time were inconsistent. *Id.* Weighing all of the evidence, the ALJ found that Robert H.'s fatigue was not disabling, and that it could be accommodated with limitations in the RFC. *Id.* Robert H.'s disagreement with the ALJ's consideration of the evidence essentially amounts to an argument that the Court should evaluate the evidence in the record de novo. But the Court's review is confined to whether substantial evidence supports the ALJ's decision and whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). The Court is not permitted to reweigh the evidence, even if the Court believes the ALJ could have reached a different conclusion. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ's decision complies with the governing legal standards and is supported by substantial evidence. Accordingly, Robert H.'s arguments to the contrary must be rejected.

  For the reasons set forth herein, Robert H.'s Motion for Summary Judgment (ECF No. 14) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 17) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

            Sincerely yours,

            /s/
            Timothy J. Sullivan
            United States Magistrate Judge